No. C 15 CV 267

Filed 5-5-15

Superior Court ☐
State Court ☒
Georgia, MUSCOGEE COUNTY

Attorney's Address: Michelle Porter, 523 Paula Ct., Columbus, GA 31907

Michelle Porter
12342616

**Plaintiff**

12342632 vs.
J. Len Williams;
Housing Authority of Columbus Georgia — 700384

**Defendant**

Name and Address of Party to be Served
J. Len Williams
1106 Wynnton Rd.
Columbus, GA 31906

**Garnishee**

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☒ I have this day served the defendant **J. LEN WILLIAMS** by leaving a copy of the action and summons at his most notorious place of abode in this County. Delivered same into hands of **SUSAN MCLURE (EX ASST / BR MGR)** described as follows age, about **45** years; weight, about **110** pounds; height, about **5** feet and **8** inches, domiciled at the residence of defendant.
Complaint for Damages

**CORPORATION** ☐ Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This **12** day of **MAY**, 20**15**.

(1342)       # 11990543
DEPUTY

SHERIFF DOCKET _____ PAGE **26/683**

MUSCOGEE COUNTY, GEORGIA

WHITE: Clerk    CANARY: Plaintiff Attorney    PINK: Defendant

SC-2 Rev.85

IN THE SUPERIOR/STATE COURT OF **Muscogee** COUNTY

STATE OF GEORGIA

**Michelle Porter**

CIVIL ACTION NUMBER **SC 15CV 267**

_____ PLAINTIFF

Vs.

**J. Len Williams; Housing Authority of Columbus, Georgia**
DEFENDANT

GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
FILED IN OFFICE

MAY 0 5 2015

DEPUTY CLERK
M. LINDA PIERCE, CLERK

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Michelle Porter
533 Paula Ct.
Columbus, GA 31907**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **5th** day of **May**, **2015**.

Clerk of Superior Court/State Court

By _____
Deputy Clerk

SC-1 Rev. 85

Michelle Porter

533 Paula Court

Columbus, Georgia 31907

## IN THE STATE COURT OF MUSCOGEE COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| **MICHELLE PORTER** | } |
| **Pro Se Plaintiff** | } |
| | } CIVIL ACTION FOR |
| V. | } FRAUD AND WAGE THEFT |
| | } Case No: SC-15-CV-267 |
| **J. LEN WILLIAMS;** | } |
| **HOUSING AUTHORITY OF COLUMBUS, GEORGIA** | } |
| **Defendants** | } |
| | } |

GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
FILED IN OFFICE
MAY 0 5 2015
DEPUTY CLERK
M. LINDA PIERCE, CLERK

Plaintiff complains and for causes of action alleges as follows:

### COMPLAINT FOR DAMAGES

1. Plaintiff, Michelle Porter is an individual residing in Muscogee County, Georgia
2. Defendant, J. Len Williams is the Chief Executive Officer of the Housing Authority of Columbus, Georgia under the laws of the State of Georgia, having its principle office in Muscogee County, Georgia.
3. In violation with the Fair Labor Standards Act (FLSA), plaintiff was denied time and one half of her regular rate for all hours worked in excess of 40 hours weekly.

4. Plaintiff wasn't allowed to report work over 40 hours a week on her timesheet.
5. In 2014, plaintiff discovered that she was misclassified.
6. Compensatory time (comp time) was used instead of overtime pay. The defendants failed to follow their own policies on overtime/compensatory (comp) time.
7. A portion of the plaintiff's salary was fraudulently withheld while she worked as the Neighborhood Network Coordinator (NNC) and the Family Self-Sufficiency Coordinator (FSS). The plaintiff wasn't compensated according to what the U.S. Department of Housing and Urban Development (HUD) awarded for the grant funded positions.
8. Payroll records were intentionally falsified by over reporting hours worked, in which raised the (Neighborhood Network Coordinator's) salary to an amount that the plaintiff didn't receive. A false pay base salary was reported to Benefits First (a third party that handles employee benefits) which matched the false payroll records.
9. On January 6, 2014 plaintiff met with the defendant, J. Len Williams and their attorney to discuss various wrongdoings that were known at that time. The defendant J. Len Williams falsely and fraudulently represented to the plaintiff that her FSS salary was less than what HUD awarded because of insurance and social security. January 7, 2014 the plaintiff was informed that there was no merit to her complaints and the investigation was complete.
10. In a previous meeting, the plaintiff's supervisor, Beverly LaMee and Human Resources Manager, Susan McGuire participated in the scheme by stating that the difference in the pay was due to social security, bonuses, and overtime. The true facts were: bonuses were minimal, no overtime was paid, insurance wasn't provided and the plaintiff's portion of social security was withheld from her payroll check. According to HUD, the amount awarded was for salary and fringe benefits.
11. To deceive the plaintiff she was labeled as a durational employee and she later learned from the Human Resources Manager, Susan McGuire that it was a made up label. Beverly LaMee and Susan Mcguire insisted on the plaintiff signing a (durational employee) letter that included false statements in which the plaintiff refused to sign. The plaintiff was denied many benefits and told many untruths when she asked about her salary and benefits.
12. September 2013, the plaintiff questioned some of the potentially unethical and unlawful behavior, during that time the plaintiff's job was threatened by the Human Resources Manager, Susan McGuire.
13. Commencing, October 2013 to October 2014 the plaintiff reported these and other wrongdoings to U.S. Governmental agencies.
14. January 16, 2014 the plaintiff's employment was terminated.

15. These acts were malicious, fraudulent, and oppressive, justifying an award of punitive damages so that the defendants will not engage in such conduct in the future.
16. The plaintiff was injured by loss of use of the salary and benefits.

**WHEREFORE PLAINTIFF PRAYS** for judgment against the defendants and each of them as follows:

1. For the sum of $50,000 for unpaid wages.
2. For the sum of $50,000 for liquidated damages.
3. For pre/post judgment interest and court costs.
4. For $75,000 for general damages for the defendants fraud.
5. For punitive damages according to proof.
6. For such other and further relief as the court may deem just and proper.

Dated this 5th day of May, 2015

*Michelle Porter*

Pro Se Plaintiff, Michelle Porter